IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                       No.  06-40071-01-SAC

ERIC BROWNLEE McCUISTON,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's pretrial motions and filings:  Motion for Discovery pursuant to Fed. R. Crim. P.  16(a)(1)(E) and (F) (Dk. 10); Motion for Discovery of Exculpatory and Impeachment Evidence (Dk. 21); Motion to Dismiss Indictment (Dk. 22); and Response to the Government's Motion to Admit Evidence of Gang Membership pursuant to Fed. R. Evid. 401 and 404(b) (Dk. 23).  The government has filed memoranda in response (Dks. 12, 24 and 25), a Bill of Particulars (Dk. 26), and a Motion for Admission of Evidence (Dk. 17).  A hearing on the defendant's motions is unnecessary in light of the government's responses.  The court issues the following as its ruling on the pending motions and cancels the hearing scheduled for August 31, 2006.

**Motion for Discovery  (Dk. 10)**

The defendant asks for all material, including reports, documents, tapes and photographs, that pursuant to Fed. R. Crim. P. 16(a)(1)(E) and (F) the government must permit the defendant to inspect and copy.  The government responds that the defendant's counsel has been notified that the requested discovery is ready and available.  Because the requested items have been made available, the court denies the defendant's motion as moot.

**Motion for Discovery of Exculpatory and Impeachment Evidence (Dk. 21)**

The defendant wants an order directing the government to produce all evidence material to the defendant's guilt or sentence, including evidence that has exculpatory or impeachment value.  The defendant specifically asks for the actual recordings of all debriefings of alleged co-conspirators and all offers of leniency or plea bargaining or threats of prosecution made to any government witness.  The government responds that it has provided the defendant with all known recordings of any potential government witness.  The government further acknowledges its obligation to produce exculpatory and impeachment evidence regarding cooperating witnesses.  Unsure of the government's intentions in writing it would comply with this latter request "if such material becomes necessary," (Dk. 24, ¶ (3)), the court directs the government to comply promptly with this latter request and to continue meeting this obligation as additional exculpatory and impeachment

evidence becomes available.

**Motion to Dismiss Indictment (Dk. 22)**

The defendant seeks to dismiss the single-count indictment arguing that the time frame alleged for the charged conspiracy is too indefinite in that it lacks a beginning date. Count one charges: "From a date unknown to the Grand Jury, but beginning sometime prior to the 1st day of January, 1999, and continuing through on or about the 14th day of April, 2005, in the District of Kansas and elsewhere, . . . ." The defendant argues that without a more definite starting date for the conspiracy he is not fairly informed of the charges against which he must defend, as he "does not know when the criminal conduct was suppose to have begun." (Dk. 22, p. 2).

An indictment is held only to minimal constitutional standards, and the sufficiency of an indictment is judged "by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir.1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.'" *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991) (quoting *United States v. Staggs*, 881 F.2d 1527,

1530 (10th Cir. 1989), *cert. denied*, 493 U.S. 1020 (1990)).  The government has filed a bill of particulars disclosing the event that it believes first connects the defendant to the conspiracy and putting the defendant "on notice that the alleged dates of this conspiracy run from July 1, 1998 to April 14, 2005."  (Dk. 26, p. 2). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense."  *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.) (quotation omitted), *cert. denied*, 519 U.S. 901 (1996).   The bill of particulars here cures any claimed deficiency in the indefinite commencement date alleged for the conspiracy.  Consequently, the defendant's motion is denied as moot.

**Government's Motion to Admit Evidence of Gang Membership pursuant to Fed. R. Evid. 401 and 404(b) (Dk. 17)**

The government's pleading serves to provide the notice required by Fed. R. Evid. 404(b) and to present the court with the opportunity to rule on the admissibility of evidence concerning the defendant's membership in the CC Mob under Rules 401, 403 and 404(b).  The defendant has filed a response opposing the admissibility of this evidence.  The court acknowledges the government's motion as sufficient Rule 404(b) notice, but it declines to rule now on the admissibility of this evidence and takes the motion under advisement.  At the time for filing and

4

deciding other motions in limine, the court will revisit this motion to determine admissibility.

IT IS THEREFORE ORDERED that the defendant's Motion for Discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E) and (F) (Dk. 10), and Motion to Dismiss Indictment (Dk. 22) are denied as moot;

IT IS FURTHER ORDERED that the defendant's Motion for Discovery of Exculpatory and Impeachment Evidence (Dk. 21) is denied in part as moot, and the government shall comply promptly with the request for exculpatory and impeachment evidence concerning all cooperating witnesses and provide any additional exculpatory and impeachment evidence as it becomes available;

IT IS FURTHER ORDERED that the government's Motion to Admit Evidence of Gang Membership pursuant to Fed. R. Evid. 401 and 404(b) (Dk. 17) is acknowledged as sufficient Rule 404(b) notice and otherwise is taken under advisement for ruling closer to trial.

Dated this 25th day of August, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge