IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                                   No.  06-40071-01-SAC

ERIC BROWNLEE McCUISTON,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's second set of pretrial motions and filings: Motion to View Physical Evidence pursuant to Fed. R. Crim. P. 16(a)(1)(C) (Dk. 45); Motion for Physical and Scientific Examination pursuant to Fed. R. Crim. P. 16(a)(1)(E) (Dk. 46); Motion to Determine the Voluntariness and Admissibility of Material Witnesses' Statements (Dk. 47); Motion to Dismiss Indictment (Dk. 48); and the Government's respective responses to these motions (Dks. 49, 50, 51 and 52). The defendant's first counsel filed a series of pretrial motions which the court promptly decided by written order in August of 2006. (Dk. 28).

After conducting a hearing prompted by a letter from the defendant, the court appointed in October of 2006 new counsel to

represent the defendant. In late December of 2006, defense counsel filed a new set of pretrial motions within the time allowed by the court. The court heard these motions on January 23, 2006, and the defendant conceded at the hearing that his first two motions (Dks. 45 and 46) were moot in light of the government's filed responses. Both sides orally argued the defendant's other two motions (Dks. 47 and 48). The court now files this order as its ruling following additional research on the issues raised through the memoranda and oral argument.

**Indictment**

The defendant and his co-defendant Richard Ochoa Lopez are charged in a single-count indictment with conspiracy to distribute 500 grams or more of methamphetamine. The conspiracy alleges an overt act that the defendants caused approximately five pounds of methamphetamine to be delivered to Bryan Eugene Perez in Manhattan, Kansas, between May 1, 2004, and November 1, 2004.

**Motion to View Physical Evidence (Dk. 45) and Motion for Examination (Dk. 46)**

The government does not oppose either motion and agrees to make the requested items available for viewing, inspection, and testing. The defendant's motions are denied as moot.

**Motion to Determine Voluntariness and Admissibility (Dk. 47)**

From what the government has furnished him, the defendant knows the identities of two material witnesses who received consideration for their testimony in other prosecutions but who have not been promised additional consideration for their cooperation and testimony in this prosecution against the defendant.  While the two witnesses have declined to speak with defense counsel, he has learned from other sources that at least one of these witnesses does not want to testify against the defendant.  From these circumstances, the defense counsel speculates the witnesses will be coerced to testify against the defendant and proposes as a remedy that the witnesses be examined now about the voluntariness of their testimony to be offered at trial.

The government responds that the defendant has no evidence of coercion as to justify any preliminary hearing on voluntariness.  The defendant has copies of these witnesses' statements and does not argue coercion from anything found in those statements or from the circumstances under which they were taken.  The government denies that coercion is a reason for a witness's reluctance to speak with defense counsel that is any more likely than a host of other possible reasons.  The

government knows of nothing to suggest coercion here in the witnesses's statements or expected testimony. The government challenges the defendant's allegations of coercion as wholly insufficient and his information and questions concerning the witnesses' willingness to testify as a matter better reserved for decision at trial.

A defendant does have standing to contest a witness's confession as coerced. A defendant's right to due process is implicated when a witness is coerced into making a false statement and the false statement is admitted at trial. *United States v. Gonzales*, 164 F.3d 1285, 1289 (10th Cir. 1999); *see Clanton v. Cooper*, 129 F.3d 1147, 1158 (10th Cir. 1997). A related rule is that a prosecutor may not solicit perjured testimony to secure a conviction or allow testimony that it knows is false to remain uncorrected, and this circumstance may suffice as grounds for a new trial "'if the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *United States v. Vaziri*, 164 F.3d 556, 563 (10th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)).

The defendant's motion does not state sufficient cause for now conducting a hearing to determine the voluntariness of the witnesses'

expected testimony at trial.  There are many plausible reasons for a witness to decline an interview with the defendant's counsel, and most have little to do with the voluntariness of the witness's prior statements.  The defendant points to nothing that would make his alleged reason of coercion be more likely than the other reasons.  Potential witnesses openly pondering their subsequent cooperation with the government is not an infrequent occurrence and should not qualify each time as a ground for pretrial hearings to evaluate whether the witnesses have become or are likely to become victims of undue coercion and whether any and all statements and testimony given by the witnesses are involuntary.  The defendant's bare allegations and suspicions do not justify any further inquiry at this time.  The defendant's motion is denied.

**Motion to Dismiss (Dk. 48).**

The defendant complains that his speedy trial rights protected by statute and constitution have been violated by the government's dismissal of the first case and the filing of the second.  He argues "substantial prejudice" to the preparation of his defense in that official records regarding his parole in Texas were destroyed by state authorities during the delay occasioned by the filing of the second indictment.  The

government first defends the propriety of its dismissal of the original indictment pursuant to Fed. R. Crim. P. 48(a) and explains that the second indictment was necessitated by later investigation showing the defendant's involvement in a broader conspiracy and his greater culpability.  The government notes that the second indictment did not grant it a new seventy-day speedy trial period and that there are no speedy trial violations here as the defendant himself filed the pretrial motions and sought the several trial continuances which have caused the delay.

*Dismissal of First Indictment*

"The government may, with leave of the court, dismiss an indictment, information, or complaint."  Fed. R. Crim. P.  48(a).  The Tenth Circuit notes two purposes served by the leave requirement:

> The primary purpose is to protect a criminal defendant from prosecutorial harassment.  *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citing *Rinaldi v. United States*, 434 U.S. 22, 31 (1977) (per curiam)).  Courts have recognized that a prosecutor can abuse his powers and harass a defendant by repetitively filing, dismissing and recharging him with a crime.  *Rinaldi v. United States*, 434 U.S. at 29 n.15; *United States v. Derr*, 726 F.2d [617] at 619 [(10th Cir. 1984)].  The rule is also intended to allow courts to consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss.  *United States v. Carrigan*, 778 F.2d at 1463; *see also United States v. Gonsalves*, 781 F.2d 1319, 1320 (9th Cir. 1986).

*United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).  "A court is

generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (quotation and citation omitted). While the government did not offer grounds for the dismissal in its original motion, the grounds now articulated by the government establish that the dismissal was not clearly contrary to manifest public interest. The government brought the second indictment promptly upon learning of the defendant's more extensive involvement in the conspiracy, and the first indictment was dismissed just days after the second indictment was filed eliminating any undue delay. The defendant did not timely oppose the government's motion to dismiss the first indictment. Under all these circumstances, the government's conduct does not reflect an abuse of prosecutorial authority or harassment of the defendant.

*Speedy Trial Act*

The defendant complains that he was held for three months awaiting trial on the first indictment and that with the filing of the new indictment the government "secure[d] a new trial clock" in violation of the Speedy Trial Act and of his Sixth Amendment right to a speedy trial. (Dk.

7

48, p. 2). The government denies any violation of the Act noting that the second indictment did not result in a new seventy-day speedy trial period and that the defendant filed motions for continuances resulting in lengthy periods of excludable delay.

The Act "requires that the trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date that the defendant first appears before a judicial officer, whichever is later." *United States v. Abdush-Shakur*, 465 F.3d 458, 461-62 (10th Cir. 2006) (quotation and citation omitted), *petition for cert. filed*, No. 06-8752 (Jan. 3, 2007); 18 U.S.C. § 3161(c)(1). The Act lays out a number of delays excludable from the seventy-day period. 18 U.S.C. § 3161(h). Relevant here are the exclusions for: "delay resulting from any proceeding," 18 U.S.C. § 3161(h)(1)(A); "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(F); "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," 18 U.S.C. § 3161(h)(1)(J); and "[a]ny period of delay resulting from a continuance granted . . . at the request of the

defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(8)(A).

A four-count drug trafficking indictment was filed against the defendant in the case No. 05-40098-01 that was assigned to United States District Court Judge Julie Robinson. The defendant made his first appearance on February 28, 2006, which starts the speedy trial clock on the next day. The detention hearing held on March 2, 2006, is an excludable day. The defendant filed a motion for discovery on March 7, 2006, which was set down for hearing on April 24, 2006. "[A]ll time between the filing of a motion and the conclusion of the hearing on that motion" are excluded pursuant to 18 U.S.C. § 3161(h)(1)(F). *Henderson v. United States*, 476 U.S. 321, 330 (1986); *see also United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir. 1990). On April 21, 2006, the defendant and the government filed a joint motion for extension seeking in part to continue the motions hearing date and the trial date. The motion was granted extending the hearing date to May 30, 2006, and the trial to June 27, 2006. The defendant filed additional pretrial motions and then

sought two more extensions of time to file additional pretrial motions. The court granted the motions for additional time and pushed the motions hearing date to July 31, 2006. The indictment in this case was dismissed at the request of the government on June 16, 2006, before the defendant's pretrial motions were heard. Thus, only five days[1] ran off the seventy-day clock while case No. 05-40098 was pending.

The government does not ask for a new seventy-day period as argued by the defendant. Instead, the government concedes that when it moves to dismiss an indictment and "then refiles a second indictment alleging the same charges, the government does not get a new seventy-day clock." *United States v. Abdush-Shakur*, 465 F.3d at 463 n.4. The defendant still asserts a speedy trial violation but offers no calculations or other arguments in support. The defendant bears the burden of proof on his motion to dismiss for a violation under the Act. *United States v. Pasquale*, 25 F.3d 948, 951 (10th Cir. 1994); 18 U.S.C. § 3162 (a)(2). The defendant has not met his burden.

In case No. 06-40071, the defendant made his first appearance on May 30, 2006. A detention hearing was held on June 1, 2006. Thirteen

---

[1] These days are March 1, 3, 4, 5, and 6.

days ticked off the clock before the government filed a motion to unseal the indictment on June 9, 2006, and the magistrate judge granted the motion on June 13, 2006.[2]  On June 14, 2006, defense counsel filed a motion to extend the deadline for motions, the motions hearing date, and, if necessary, the trial while acknowledging the delay was excludable pursuant to the ends of justice provision at 18 U.S.C. § 3161(h)(8).  The court granted the motion and moved the hearing date to August 3, 2006, and continued the jury trial from August 2, 2006, to a date to be rescheduled later.  On July 17, 2006, the defendant filed a second motion to extend the deadlines similarly asking for a continuance of the trial.  Granting the motion, the court moved the hearing date to August 31, 2006 and indicated the trial date would be set later.

        The defendant filed two substantive pretrial motions on August 17, 2006.  The court then notified the parties on August 23, 2006, that the jury trial was set for November 8, 2006.  The court issued a written ruling on the defendant's pretrial motions on August 25, 2006, and kept the

---

[2]The countable days are May 31, and June 2, 3, 4, 5, 6, 7 and 8, for a total of 13 days (including the 5 days from case No. 05-40098).

government's motion to admit gang evidence under advisement.[3] The court cancelled the motions hearing scheduled for August 31, 2006. The court received a letter from the defendant on September 11, 2006, asking for an opportunity to address the court concerning his counsel and other matters. The court conducted a hearing on September 21, 2006, and granted the defense counsel's oral motion to withdraw as counsel.

The court appointed new counsel on October 4, 2006, and the new counsel filed on October 20, 2006, a motion to continue trial pursuant to the ends of justice provision at 18 U.S.C. § 3161(h)(8). The defendant filed additional pretrial motions which were heard on January 23, 2006, and are decided by this order. At this hearing, the court also announced the new trial setting of April 11, 2007.

The speedy trial clock was tolled with the defendant's motion on June 14, 2006, in which the defendant included a request to continue the trial pursuant to the ends of justice provision. An ends of justice continuance of the trial date excludes all delay attributable to the

---

[3]Because the court did not conduct a hearing on these motions, the court took the pending government's motion under advisement on August 18, 2005, when the defendant filed his response opposing the government's motion to admit evidence pursuant to Rules 404(b) and 401. This tolls the speedy trial clock for 30 days pursuant to 18 U.S.C. § 3161(h)(1)(J).

continuance–from the former trial date to the new trial date. *See United States v. Apperson*, 441 F.3d 1162 (10th Cir. 2006), *cert. denied*, 75 U.S.L.W. 3286 (Jan. 7, 2007). The defendant filed a second motion on July 17, 2006, seeking the same relief, and it was granted. In August, the court set down the jury trial for November 8, 2006. With the appointment of new counsel, the defendant filed yet another motion to continue jury trial on October 20, 2006. Thus, the speedy trial clock has been tolled since June 14, 2006, and will remain so until the trial date of April 11, 2007. Because only thirteen days are not excludable under the Act, the defendant's motion to dismiss pursuant to the Act is denied.[4]

## *Sixth Amendment*

The Sixth Amendment guarantees criminal defendants the right to a speedy trial from arrest until sentencing. *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006). The defendant's motion references his constitutional right to a speedy trial under this Amendment but offers no

---

[4]Even assuming for the sake of argument that the defendant's motions filed on June 14th and July 17th are not ends of justice continuances of the trial date, there would be 30 days remaining on the speedy trial clock or 40 includable days, based upon 13 days (as calculated above), plus 27 days (September 22, 2006 through October 19, 2006). No speedy trial days have elapsed since the defendant's motion to continue trial filed October 20, 2006.

arguments specific to the applicable analysis.  A court is to consider and balance four factors: (1) length of delay; (2) reason for delay; (3) assertion of right; and (4) prejudice.  *United States v. Hill*, 197 F.3d 436, 443 (10th Cir. 1999).  The length of delay serves as a "triggering mechanism" as to preclude consideration of the other factors unless "the delay is 'presumptively prejudicial.'" *United States v. Yehling*, 456 F.3d at 1243 (quotation and citations omitted).  Though it has not established any definitive time period as meeting this threshold, the Tenth Circuit has observed that "pretrial delay approaching one year" as sufficient.  *Id*. at 1244 (citing *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir.), *cert. denied*, 126 S. Ct. 2949 (2006)).  Because the pretrial delay here is approaching one year and may continue for at least two more months, the court will quickly address each factor.

Most of the delay is due to the defendant's filing of two different sets of pretrial motions for discovery and dispositive relief and his filing of repeated motions for extensions of time and continuances.  The appointment of new counsel at the defendant's prompting is another significant cause of the delay.  "Delays attributable to the defendant do not weigh against the government." *United States v. Abdush-Shakur*, 465 F.3d

at 465 (citation omitted). This factor cuts strongly against any finding of a Sixth Amendment violation. The defendant's current motion to dismiss is his first assertion of any speedy trial violation. The Tenth Circuit has said that it is "unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire." *United States v. Tranakos*, 911 F.2d at 1429. The defendant's numerous and repeated pretrial filings conflict with any genuinely held desire to proceed promptly to trial. Finally, of the different interests frequently considered as part of actual prejudice, *see United States v. Gomez*, 67 F.3d 1515, 1522 (10th Cir. 1995), *cert. denied*, 516 U.S. 1060 (1996), the defendant argues only prejudice from the State of Texas having destroyed his parole records in May of 2006. The defendant does not explain why he did not take steps to preserve this evidence following his arrest in February of 2006. Nor does the defendant explain how the lack of these records will meaningfully impair any defense to be offered at trial. On the balance of these factors and evidence, the defendant has failed to show any violation of his Sixth Amendment right to a speedy trial based on the delay occurring in this case.

*Due Process*

The defendant summarily contends his right to due process was violated by the filing of the second indictment. "To prevail on such a claim, the defendant must prove (1) the delay resulted in substantial prejudice to his rights, and (2) the prosecution intentionally delayed prosecution in order to gain a tactical advantage." *United States v. Abdush-Shakur*, 465 F.3d at 465 (citations omitted). The defendant comes forth with no proof of either prong, and his conclusory and insubstantial allegations of prejudice are not persuasive. The defendant's motion to dismiss is denied.

In the exercise of its authority reserved by prior orders (Dks. 37 and 39), the court resets the status conference for 4/3/2007 at 3:00 p.m. and the jury trial for 4/11/2007 at 1:30 p.m. (Dk. 53).

IT IS THEREFORE ORDERED that the defendant's Motion to View Physical Evidence pursuant to Fed. R. Crim. P. 16(a)(1)(C) (Dk. 45) and Motion for Physical and Scientific Examination pursuant to Fed. R. Crim. P. 16(a)(1)(E) (Dk. 46) are denied as moot in light of the government's response;

IT IS FURTHER ORDERED that the defendant's Motion to Determine the Voluntariness and Admissibility of Material Witnesses'

Statements (Dk. 47) and Motion to Dismiss Indictment (Dk. 48) are denied.

Dated this 13th day of February, 2007, Topeka, Kansas.

                                                  s/ Sam A. Crow  
                                                  Sam A. Crow, U.S. District Senior Judge